[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

No. 10-12328
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cr-00065-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANTIAGO ARTEAGA CORREA,
a.k.a. Pedro Figueroa,
a.k.a. Pedro Figueroa Estrada,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 10, 2011)

Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Santiago Correa appeals the reasonableness of his 32-month sentence for illegally re-entering the United States after being removed, 8 U.S.C. § 1326(b).[1] No reversible error has been shown; we affirm.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence may be procedurally unreasonable if the district court fails to consider the appropriate statutory factors or explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

---

[1]Correa's sentence was 11 months above the top end of the advisory guidelines range of 15 to 21 months.

We conclude that Correa's sentence was reasonable. Although his 32-month sentence varied upward from the top of the advisory guidelines range by 11 months, the sentence was well below the 20-year statutory maximum he faced. See 8 U.S.C. § 1326(b); United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum). In addition, the district court stated that it had considered the section 3553(a) factors, specifically Correa's history and characteristics and the need for the sentence to reflect the seriousness of the offense. The court recounted Correa's repeated illegal entries into the United States and his two criminal convictions in this country, and the court concluded that the seriousness of Correa's offense warranted a sentence above the advisory guidelines range.

The district court's reasons for the sentence are supported by the record and the section 3553(a) factors. Correa had been documented in the country illegally at least five times; he also twice attempted to enter using false documents. In addition, he had Georgia convictions for entering an automobile with intent to commit a felony and for possessing with intent to distribute methamphetamine.

Correa argues that the district court based the sentence on its disagreement with United States immigration law: an impermissible sentencing factor.[2] A sentence substantially affected by, United States v. Clay, 483 F.3d 739, 745 (11th Cir. 2007), or based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of section 3553(a), Velasquez, 524 F.3d at 1252. A sentencing judge "may not impose a more severe sentence than he would have otherwise based on unfounded assumptions [about a defendant's] immigration status or on his personal views of immigration policy." Id. at 1253.

While it is true that the district court made many comments expressing generalized frustration with United States immigration policy and the perceived poor enforcement of immigration laws, the court also specifically disclaimed that these reasons were why Correa deserved a sentence above the guidelines range. As noted, the court spoke of the specific facts of Correa's case and explained why Correa deserved a 32-month sentence; and those reasons are supported by the record. Nothing sufficiently indicates that the court's decision was substantially affected by, much less based entirely, upon an impermissible factor. See Velasquez, 524 F.3d at 1252; Clay, 483 F.3d at 745.

---

[2]In determining the reasonableness of a sentence, we review de novo whether a factor considered by the district court in sentencing a defendant is impermissible. United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).

That Correa believed certain mitigating factors -- including his family responsibilities, the non-violent nature of his offense, and his cooperation with authorities -- weighed in favor of a lower sentence does not make the district court's choice of sentence unreasonable. We defer to the court's judgment about the weight given to the section 3553(a) factors "unless the district court has made 'a clear error of judgment' and has imposed 'a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" Gonzalez, 550 at 1324. Given the court's stress on Correa's earlier illegal reentries and criminal record, we cannot say that the court made such a clear error of judgment.

Based on the evidence in the record, we conclude that Correa's sentence was reasonable and that the district court adequately justified its upwardly variant sentence. See Gall, 128 S.Ct. at 597 (explaining that a sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance").

We reject Correa's argument that his above-guidelines sentence created unwarranted sentencing disparities among similarly situated offenders. The "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges"; so, a district court necessarily

gives weight and consideration to the need to avoid unwarranted disparities when it correctly calculates and carefully reviews the guidelines range.  See id. at 599.

AFFIRMED.